

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mrs. B. B. Sapp
Director and Executive Secretary
Teacher Retirement System of Texas

Dear Mrs. Sapp:

Opinion No. O-6413
Re: Disposition of Teacher
Retirement funds.

We have your letter of recent date requesting an opinion of this department on the above captioned subject. Your letter reads in part as follows:

"Joe Ella Henry became a member of the Teacher Retirement System in 1938 and designated her father and mother, John and Leora Henry, as her beneficiaries.

"Joe Ella Henry married and changed her name to Joe Ella Henry Kelly.

"On the 6th of July, 1944, Joe Ella Henry Kelly died, and in the meantime, the mother, one of the designated beneficiaries, had died.

"Charlie Henry of 480 Belmont Street in San Antonio, Texas, Dora Alice Henry Rhambo of 1720 East 12th Street in Austin, Texas. Pinkie Lee Henry of 1402 East 12th Street in Austin, Texas, John Edna Henry Hall of 420 Belmont Street in San Antonio, Texas, and John Henry, the father, are still living.

"Settlement was attempted first, because the report was that there was no will, in the following manner: We were to pay the husband of Leora, John, one-third of the amount standing to the credit of Joe Ella Henry Kelly, deceased, and divide the remainder equally among the children of Leora Henry.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. B. B. Sapp, page 2

"Then, a will was discovered. A certified copy of the will is attached.

"We do not consider this will complete since it said all interest in everything, except articles listed on the other sheet. Mr. Thrasher, the attorney, stated that all of the will could not be filed because of the language used. Only a portion of the will is probated. This will was probated August 27, 1944 and Dora Alice Henry Rhambo was made the administrator.

"The amount standing to the credit of Joe Ella Henry Kelly, deceased is $256.69.

"What disposition shall I make of this case?"

You have previously been advised by this department in opinion No. 0-2048 that in cases where the accumulated contributions are designated in the Teacher Retirement System to be paid to a third party the same should be so paid regardless of the fact that in a subsequent will the deceased left all of her property, both real, personal and mixed, to someone else.

You are accordingly advised that the amount in the account of the deceased teacher member should be paid to her designated beneficiaries on file with the Teacher Retirement System. In this case the member designated, "John and Leora Henry, father and mother", as her beneficiaries to receive this fund in the event of her death before retirement. Under this type of designation we must assume that the member intended to leave one half to each of her parents. There being no provisions for the disposition of a parent's share in case of the death of one of them, the designation as to the mother fails since she predeceased the member. The designation stands as to the father who was living at the time of the death of the member. He is, therefore, entitled to one half of the funds in the account of the member, Joe Ella Henry Kelly, deceased.

As to the remaining one half there is no named beneficiary since the designation to the mother has failed.

4

Article 2922-1 subsection (6) concerning the disposition of teachers' retirement funds, provides in part as follows:

" . . . Should a member die before retirement, the amount of his accumulated contributions standing to the credit of his individual account shall be paid as provided by the laws of descent and distribution of Texas unless he has directed the account to be paid otherwise . . . ."

While we have held that a general will such as the one here involved, will not operate to change the beneficiary as designated on the form furnished by the Teacher Retirement System, we have also held that such a will is a sufficient designation where the member has failed to name a beneficiary on the form provided by the System. (See this department's opinions Nos. O-2048 and O-2907). The same would be true where, as here, the deceased member has designated two beneficiaries on the form provided by the System and the designation as to one of them has failed by reason of the death of one of the beneficiaries prior to the death of the member.

You are therefore advised that the remaining one half should be paid to Dora Alice Henry Rhambo, Administratrix and sole beneficiary of the will of Joe Ella Henry Kelly, deceased.

We will not here attempt a discussion of the question of the completness of the will raised by the seventh paragraph of your letter. We have carefully examined the certified copies of the will and Letters of Administration submitted with your request. In addition to this we have also examined all of the papers on file in the office of the County Clerk of Travis County in cause No. 11,190, styled, Estate of Joe Ella Henry Kelly, deceased. Our investigation reveals that this will was admitted to probate over the contest of deceased's husband. The court

entered its order admitting the will to probate to which the husband duly excepted and filed notice of appeal. No appeal was perfected and the time has long since expired.

Under these facts we must assume that the completness of the will was litigated in the above numbered and entitled cause and that for our purpose the will is valid.

We are herewith returning all papers submitted with your request.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

      Benjamin Woodall
        Assistant

By *H. T. Bob Donahue*

      H. T. Bob Donahue

HTBD:zd
Encl.

APPROVED MAR 25 1945

FIRST ASSISTANT
ATTORNEY GENERAL.

APPROVED
OPINION
COMMITTEE
BY